UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID C. LETTIERI,<br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ) | Civil No. 26-14922-LTS |

ORDER

November 2, 2026

SOROKIN, J.

On October 30, 2026, David C. Lettieri, a federal inmate proceeding *pro se*, initiated this action by filing a two-page, handwritten petition under the All Writs Act, 28 U.S.C. § 1651. Doc. No. 1. The petition has not been served pending the Court's preliminary review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant ... is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]

Lettieri is incarcerated at FMC Devens and is serving a sentence imposed by the United States District Court for the Western District of New York. See Doc. No. 1 at 1; United States v. Lettieri, No. 21-cr-00020 (W.D.N.Y.). He states that this action "involves the false conviction in case 21-cr-20 in which there was a timely matter to amend the habeas petition in which the Judge Lawrence Joseph Vilardo had violated by denying due process by [unintelligible] such." Id. at 1-2.

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts—made applicable to 28 U.S.C. § 2241 cases through Rule 1(a)—a judge must dismiss a petition if it clearly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.

This Court lacks jurisdiction over Lettieri's petition under the All Writs Act, 28 U.S.C. § 1651.[2] Section 1651, "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). It allows courts to "issue all writs necessary or appropriate in aid *of their respective jurisdictions*." 28 U.S.C. § 1651(a) (emphasis added).

To the extent that Lettieri seeks to challenge an allegedly "false conviction", Doc. No. 1 at 1, the Court lacks jurisdiction over such review because it would require a § 2255 motion in the district of conviction, not the district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (noting that "Congress directed federal criminal prisoners to file certain postconviction petitions in the sentencing courts by adding § 2255 to the habeas statute" but otherwise confirming the general rule that "for core habeas petitions challenging present physical confinement, jurisdiction lies only in ... the district of confinement").

Congress constructed a "comprehensive remedial scheme for post-conviction relief" in 28 U.S.C. § 2255 which does not replace but operates against the backdrop of "the entire array of common-law writs authorized under the All Writs Act, 28 U.S.C. § 1651." Trenkler v. United States, 536 F.3d 85, 96-97 (1st Cir. 2008). Where a statute like § 2255 "specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling[.]" Pa. Bureau of Corr., 474 U.S. at 43. Because Lettieri's allegations challenge asserted errors in a

[2] The All Writs Act provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

prior criminal case, these claims are more properly brought under § 2255 in his sentencing court. See 28 U.S.C. § 2255.

Accordingly, the Court hereby DENIES the petition and this action DISMISSED. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge